# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES S. DAVIS, et al., | CASE NO. 1:07-cv-00936-LJO-SMS PC |
| Plaintiffs, | ORDER SEVERING PLAINTIFFS' CLAIMS, AND DIRECTING CLERK'S OFFICE TO OPEN NEW ACTIONS FOR PLAINTIFFS TAYLOR AND KNOWLES |
| v. | |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | ORDER REQUIRING EACH PLAINTIFF TO FILE COMPLETED APPLICATION TO PROCEED IN FORMA PAUPERIS OR PAY $350.00 FILING FEE IN FULL WITHIN THIRTY DAYS |
| | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL SET FORTH IN COMPLAINT |
| | (Doc. 1) |

I.  Severance of Plaintiffs' Claims

Plaintiffs James S. Davis, Timothy B. Taylor, and Veryl E. Knowles are federal prisoners proceeding pro se in this civil rights action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors.[1]  After reviewing the complaint, the court has determined that each plaintiff

---

[1] Plaintiffs state that this litigation is a class action. However, plaintiffs are not attorneys and are proceeding without counsel. A non-attorney proceeding pro se may bring his own claims to court, but may not represent others. Fymbo v. State Farm Fire & Casualty Co., 213 F.3d 1320, 1321 (2000); Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997); C. E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987). A pro se litigant simply cannot "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4); Fymbo, 213 F.3d at 1321. Therefore, this action will be construed as an individual civil suit brought by plaintiffs rather than as a class action.

1

should proceed separately on his own claims. Rule 21 of the Federal Rules of Civil Procedure provides that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just," and "[a]ny claim against a party may be severed and proceeded with separately." Courts have broad discretion regarding severance. See Coleman v. Quaker Oats Co., 232 F.3d 1271, 1297 (9th Cir. 2000); Maddox v. County of Sacramento, No. 2:06-cv-0072-GEB-EFB, 2006 WL 3201078, *2 (E.D.Cal. Nov. 6, 2006).

Plaintiffs are currently housed at the Taft Correctional Institution. In the court's experience, an action brought by multiple plaintiffs proceeding pro se in which one or more of the plaintiffs are incarcerated presents procedural problems that cause delay and confusion. Delay often arises from the frequent transfer of inmates to other facilities or institutions, the changes in address that occur when inmates are released on parole, and the difficulties faced by inmates who attempt to communicate with each other and other unincarcerated individuals. Further, the need for all plaintiffs to agree on all filings made in this action, and the need for all filings to contain the original signatures of all plaintiffs will lead to delay and confusion. Therefore, plaintiffs' claims shall be severed, plaintiff Davis shall proceed as the sole plaintiff in this action, and new actions shall be opened for plaintiffs Taylor and Knowles. Gaffney v. Riverboat Serv. of Indiana, 451 F.3d 424, 441 (7th Cir. 2006). Each plaintiff shall be solely responsible for prosecuting his own action.

Since the claims of plaintiffs Taylor and Knowles will be severed, each plaintiff shall be given thirty days to file, in his own action, a completed application for leave to proceed in forma pauperis, using the form provided by the court with this order.

II.   Plaintiff Davis's Application to Proceed In Forma Pauperis

Plaintiff Davis filed an incomplete application to proceed in forma pauperis on June 29, 2007. The application did not include the required original signature by an authorized officer of the institution of incarceration, and plaintiff did not include a certified copy of his prison trust account statement for the six month period immediately preceding the filing of the complaint. 28 U.S.C.

§ 1915(a)(2). Plaintiff will be provided the opportunity to submit a new application to proceed in forma pauperis and a certified copy of his trust account statement, or to pay the $350.00 filing fee.

### III. Motion for Appointment of Counsel

In their complaint, plaintiffs seek the appointment of counsel. Plaintiffs do not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that plaintiffs are not well versed in the law and that they have made serious allegations which, if proved, would entitle them to relief, their case is not exceptional. This court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the court cannot make a determination that plaintiffs are likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiffs cannot adequately articulate their claims. Id. Plaintiffs' motion shall therefore be denied.

### IV. Order

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff Davis shall proceed as the sole plaintiff in case number 1:07-cv-00936-LJO-SMS PC;

2. The claims of plaintiffs Taylor and Knowles are severed from the claims of plaintiff Davis;

3. The Clerk of the Court is directed to:

3

1         a.    Open two separate civil actions for plaintiffs Taylor and Knowles;

2         b.    Assign the new actions to the district judge and magistrate judge to whom the instant case is assigned and make appropriate adjustment in the assignment of civil cases to compensate for such assignment;

        c.    File and docket a copy of this order in the new actions opened for plaintiffs Taylor and Knowles;

        d.    Place a copy of the complaint filed on June 29, 2007 in the instant action in the new actions opened for plaintiffs Taylor and Knowles;

        e.    Send plaintiffs Taylor and Knowles each an endorsed copy of the complaint, filed June 29, 2007, bearing the case number assigned to his own individual action;

        f.    Send plaintiffs Davis, Taylor, and Knowles each an application to proceed in forma pauperis by a prisoner;

4. Within **thirty (30) days** from the date of service of this order, plaintiffs Davis, Taylor, and Knowles shall each either pay the filing fee in full or file a completed application to proceed in forma pauperis bearing his case number;

5. Plaintiffs' motion for the appointment of counsel, set forth in their complaint, is DENIED; and

6. <u>The failure to comply with this order will result in a recommendation that the action be dismissed</u>.

IT IS SO ORDERED.

**Dated:   July 27, 2007**                       **/s/ Sandra M. Snyder**
                                                                    UNITED STATES MAGISTRATE JUDGE