# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES S. DAVIS, | CASE NO. 1:07-cv-00936-LJO-SMS PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND WITHIN THIRTY DAYS |
| v. | (Doc. 1) |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | |

## Screening Order

**I.     Screening Requirement**

Plaintiff James S. Davis ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil action, filed on June 28, 2007.  Plaintiff names the United States, the Federal Bureau of Prisons, GEO, Inc., Jeff Wrigley, Dale Patrick, and Yenny Lopez as defendants.  Due to the naming of defendants in addition to the United States, this action shall be construed as one brought pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which recognized a cause of action for damages for violation of civil rights by federal actors, as well as pursuant to the Federal Tort Claims Act, authorizes tort actions against the United States.[1]  Plaintiff is seeking money damages and equitable relief.

///

---

[1] Plaintiff's attempt to pursue this as a class action and Plaintiff's motion for the appointment of counsel, as raised in the complaint, were addressed by the Court in its order filed on July 31, 2007.  (Doc. 7.)

1

1   The Court is required to screen complaints brought by prisoners seeking relief against a
2  governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The
3  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
4  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
5  monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).
6  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
7  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
8  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

9   "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
10 exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.
11 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and
12 plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).
13 "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the
14 grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading
15 standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330
16 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements
17 of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257
18 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

19 **II.    Plaintiff's Claim**
20     **A.    BOP and GEO as Defendants**
21   "The United States is the only proper defendant in a [Federal Tort Claims Act] action."
22 Lance v. United States, 70 F.3d 1093, 1095 (9th Cir. 1995) (citing Woods v. United States, 720 F.2d
23 1451, 1452 n.1 (9th Cir. 1983)). Further, a Bivens claim is not available against a federal agency,
24 FDIC v. Meyer, 510 U.S. 471, 486 (1994), or a private corporation, Correctional Serv. Corp. v.
25 Malesko, 534 U.S. 61, 63 (2001). As a result, neither the BOP nor GEO, Inc. is a proper defendant
26 in this action.
27 ///
28 ///

B. **Claims Arising from Gunning Violation**

Plaintiff alleges that Defendants are taking funds from his trust account in violation of <u>United States v. Gunning</u>, 401 F.3d 1145 (9th Cir. 2005), which disallows anyone other than the court from setting a payment schedule. Plaintiff further alleges that Defendant Lopez coerced him into signing a payment agreement.[2]

District courts may not delegate their duty to set payment schedules for restitution pursuant to the Mandatory Victims Restitution Act of 1996. <u>Gunning</u>, 401 F.3d at 1150. However, the decision in <u>Gunning</u> does not preclude prison officials from setting a collection schedule for fines. <u>Id</u>.; <u>Montano-Figueroa v. Crabtree</u>, 162 F.2d 548, 550 (9th Cir. 1998). Plaintiff's complaint is devoid of any facts concerning the nature of the deductions being made from his trust account. Because <u>Gunning</u> does not stand for the proposition that prison officials may not set a payment collection schedule under any circumstance, Plaintiff's omission concerning the circumstances of the deduction is fatal to his claim.

The Court will provide Plaintiff with the opportunity to file an amended complaint clarifying the basis for his claims in this action. In amending, Plaintiff must set forth the grounds for liability against each named defendant. For Defendants Wrigley, Patrick, and Lopez, this includes alleging what they did or did not do that led to the violation of Plaintiff's rights under federal law.

**III. Conclusion and Order**

Plaintiff's complaint fails to state a claim upon which relief may be granted under the FTCA or <u>Bivens</u>. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). In amending his complaint, Plaintiff shall take note of the following guidelines.

---

[2] Plaintiff also alleges that Defendants have a duty under <u>Giglio v. United States</u>, 405 U.S. 150, 154 (1972) "to create, publish, teach and supervise a policy of compliance and recognition of the Gunning Order requirement." (Doc. 1, 3:13-15.) The <u>Giglio</u> case concerned the non-disclosure of material evidence at trial, in violation of the Due Process Clause. The Supreme Court held that a new trial was required and reversed the conviction. Plaintiff's citation to <u>Giglio</u> does not support his asserted proposition.

3

     For any Bivens claims, Plaintiff must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of his constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in brief but specific terms how each named defendant is involved. There can be no liability unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Supervisory personnel cannot be held liable in a Bivens action for the actions of their employees under a theory of respondeat superior. Terrell v. Brewer, 935 F.2d 1015, 1018 (9th Cir. 1991).

     The United States is not liable under the FTCA for constitutional tort claims. FDIC v. Meyer, 510 U.S. 471, 478 (1994); Cato v. United States, 70 F.3d 1103, 1111 (9th Cir. 1995). The FTCA authorizes tort actions against the United States if the United States, *as a private person*, would be liable to Plaintiff under California tort law. United States v. Olson, 546 U.S. 43, 126 S.Ct. 510, 511 (2005); Delta Savings Bank v. United States, 265 F.3d 1017, 1025 (9th Cir. 2001). Any duty owed to Plaintiff by the United States "must be found in California state tort law." Delta Saving Banks, 265 F.3d at 1025.

     Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

     Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.     Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2.     The Clerk's Office shall send Plaintiff a complaint form;
3.     Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:   April 16, 2008**                         /s/ Sandra M. Snyder
                                   UNITED STATES MAGISTRATE JUDGE